# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHPAL SINGH, | Case No. 1:16-cv-00446-SAB |
| Plaintiff, | ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 22) |
| Defendant. | |

Petitioner Brian C. Shapiro ("Counsel"), attorney for Rashpal Singh ("Plaintiff"), filed the instant motion for attorney fees on February 15, 2019. Counsel requests fees in the amount of $19,075.25 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff has not objected to the request.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of social security benefits on March 30, 2016. (ECF No. 1.) On March 22, 2017, the magistrate judge's order issued granting in part and denying in part Plaintiff's social security appeal and judgment was entered in favor of Plaintiff. (ECF No. 17.) The matter was remanded for further administrative proceedings. (ECF No. 17.)

On remand, the ALJ found that Plaintiff was disabled as of November 14, 2011, and past benefits were awarded in the amount of $63,059.00 for petitioner and $13,242.00 in child benefits

1

for a total backpay award of $76,301.00.[1] (ECF No. 22-2 at 6-14; ECF No. 22-3.[2]) The Commissioner withheld $19,075.25 from the past-due benefit for attorney fees. This amount equals twenty-five percent of the retroactive benefit award. (See footnote 1.)

By the instant motion, Petitioner seeks $19,075.25 for 22.5 hours spent working on Plaintiff's case.

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.

---

[1] Although the letters do not indicate the total amount awarded, twenty-five percent of each amount was withheld to pay attorney fees. Plaintiff had $15,764.75 withheld (ECF No. 22-3 at 2) and the attorney fee withheld for the child benefits was $3,310.50 (id. at 7). The award amount was determined by multiplying the amount withheld by 4.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807-08. Here, the fee agreement between Plaintiff and Petitioner provides for a fee consisting of "25 percent of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (Social Security Representation Agreement, attached to Motion, ECF No. 22-1.) Plaintiff has been awarded benefits for the period from May 2012 through January 2019 in the amount of $76,301.00. (ECF No. 22-3.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve more than six years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking $19,075.25 which is 25 percent of the backpay award. The $19,075.25 fee is not excessively large in relation to the past-due award of $76,301.00. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action. (ECF No. 22-4.) The log demonstrates that Petitioner expended 19 hours and a paralegal expended 3.5 hours on this action. (Id.) When considering the total amount requested by Petitioner, the fee request translates to $847.79 per hour for the services of Petitioner and the paralegal in this action. In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Counsel also submitted a detailed billing statement which supports the request. (ECF No. 22-4.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $3,800.00 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount. (ECF No. 21.)

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $19,075.25 is GRANTED;

2. Pursuant to counsel's request, this amount shall be paid directly to Brian Shaprio, Law Offices of Lawrence D. Rohlfing. The Commissioner is to remit to Plaintiff any remainder of his withheld benefits; and

///

///

///

3. Petitioner is ordered to refund $3,800.00 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **March 15, 2019**

_____
UNITED STATES MAGISTRATE JUDGE